# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| Myron Simmons, | ) | |
| --- | --- | --- |
| *Plaintiff,* | ) | |
| v. | ) | Case No: 11 C 50284 |
| Jessica S. Mavens, et al., | ) | |
| *Defendants.* | ) | Judge Frederick J. Kapala |

## ORDER

Defendant Solis' motion for summary judgment [93] is granted. Defendants City of Rockford and Winnebago County are dismissed. This case is closed.

## STATEMENT

Myron Simmons has sued Simon Solis,[1] a Rockford police officer, alleging false arrest, conspiracy, obstruction of justice, and malicious prosecution. Simmons' amended complaint does not state the basis for his claims, but the court presumes he intends to bring his claims pursuant to 42 U.S.C. § 1983. Nevertheless, currently pending before the court is Solis' motion for summary judgment as to all of Simmons' claims. For the reasons which follow, that motion is granted.

### I. BACKGROUND

### A. Local Rule 56.1

As part of the summary judgment process in the Northern District of Illinois, movants are required by local rule to offer a Rule 56.1 statement. Rule 56.1 additionally requires a party opposing summary judgment to respond to the movant's Rule 56.1 statement with a "concise response" including "numbered paragraphs, each corresponding to and stating a concise summary of the paragraph to which it is directed," "a response to each numbered paragraph in the moving party's statement . . . and . . . supporting materials relied upon," and "a statement, consisting of short numbered paragraphs, of any additional facts that require denial of summary judgment, including references to . . . supporting materials relied upon." Local Rule 56.1(b)(3). Solis has offered a compliant Rule 56.1 statement, which contains numbered paragraphs setting out his version of the facts and has citations to the record where the support for each fact can be found. As part of the motion, Simmons was sent a Rule 56.2 notice, which explains the responsibilities to an individual proceeding pro se, as Simmons is, in responding to a Rule 56.1 statement.

---

[1] The amended complaint also included claims against others, but those claims have all been dismissed by stipulation of the parties.

Despite that, Simmons has not provided a compliant response to the Rule 56.1 statement or a statement of additional facts. District courts have consistently demanded strict compliance with the Rule 56.1 framework, as the court is under no obligation to spend immeasurable time combing through records to discover potential factual disputes. See Greer v. Bd. of Educ., 267 F.3d 723, 727 (7th Cir. 2001) ("[A] lawsuit is not a game of hunt the peanut . . . . [N]either appellate courts nor district courts are obliged in our adversary system to scour the record looking for factual disputes." (quotation marks omitted)); see also Gross v. Town of Cicero, Ill., 619 F.3d 697, 702-03 (7th Cir. 2010). As Rules 56.1 and 56.2 warn, a respondent's failure to comply with the demands of Rule 56.1 results in the court accepting the moving party's statement as conceded. See Local Rule 56.1(b)(3)(C); Local Rule 56.2; Smith v. Lamz, 321 F.3d 680, 683 (7th Cir. 2003) (noting that the Seventh Circuit has "consistently held that a failure to respond by the nonmovant as mandated by the local rules results in an admission"); see also Wilson v. Kautex, Inc., 371 F. App'x 663, 664 (7th Cir. 2010) ("[S]trictly enforcing Local Rule 56.1 was well within the district court's discretion even though [plaintiff] is a pro se litigant." (citation omitted)). Accordingly, the court accepts Solis' Rule 56.1 statement as conceded and is now tasked with determining whether, based on the facts set out below which are derived from that statement, summary judgment is appropriate.

## B. Facts and Procedural Background

On October 24, 2009, Simmons was hosting a party at his residence in Rockford, Illinois. During the late hours of the evening, the Rockford Police Department received an emergency call reporting a stabbing at that residence. During the subsequent investigation, the police determined that Louis McCullough was the victim of the reported stabbing and two witnesses, including McCullough, both identified Simmons as the attacker. According to the amended complaint, a warrant was thereafter issued for Myron E. Simmons, and, on November 11, 2009, Simmons was arrested at his place of employment.

On November 18, 2009, a grand jury returned an indictment against Myron E. Simmons, with Simmons' date of birth, for attempted first degree murder and home invasion. According to Simmons' deposition, he does not have a middle name. According to the amended complaint, Simmons was ultimately acquitted of the charges.

Based on the above, on October 3, 2011, Simmons filed his original complaint in the instant action. In the operative amended complaint,[2] Simmons alleges Solis is liable for false arrest, conspiracy, obstruction of justice, and malicious prosecution. Specifically, Simmons alleges that his arrest based on a warrant and his charges based on a grand jury indictment which lacked his correct name was unconstitutional on all of the aforementioned grounds. Solis has moved for summary judgment as to all of Simmons' theories.

## II. ANALYSIS

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Hemsworth v. Quotesmith.Com, Inc., 476 F.3d 487, 489-90 (7th Cir. 2007). In this case,

---

[2]The document is actually titled the "Amendment COMPLAINT."

based on the uncontested record, Solis is entitled to judgment as to each of Simmons' claims.

Turning first to the false arrest claim, to prevail on his constitutional claim for false arrest, Simmons "must show there was no probable cause for his arrest." Williams v. City of Chi., 733 F.3d 749, 756 (7th Cir. 2013). "Probable cause exists if at the time of the arrest, the facts and circumstances within the officer's knowledge are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Id. (alteration and quotation marks omitted). Here, the police investigation disclosed two eyewitnesses, including the victim, which stated that Simmons was the attacker in the stabbing. That is sufficient for probable cause to believe that Simmons had committed a crime. See Gower v. Vercler, 377 F.3d 661, 668-69 (7th Cir. 2004). Thus, any error in the warrant was irrelevant, Solis could have arrested Simmons even without a warrant. See id. at 668 n.7. Similarly, the fact that Simmons was ultimately acquitted is irrelevant to the question of whether an arrest was valid. See id. at 668 ("It is largely irrelevant—for purposes of determining an arresting officer's liability—whether the person arrested is later found to be innocent."). Accordingly, summary judgment is granted as to the false arrest claim.

The claim for conspiracy is similarly without merit. Put simply, the evidence before the court includes "not a whiff" of conspiratorial agreement between Solis and any other person to do anything, and certainly nothing which would have violated Simmons' constitutional rights. Redd v. Nolan, 663 F.3d 287, 292 (7th Cir. 2011). Accordingly, summary judgment is granted as to the conspiracy claim.

As for malicious prosecution and obstruction, there are a number of problems with those claims. First, neither malicious prosecution nor obstruction of justice are cognizable as § 1983 claims. See Newsome v. McCabe, 256 F.3d 747, 750-53 (7th Cir. 2001). Even if this court construed those claims (and really, they are just one claim for malicious prosecution) as state tort claims, they would still fail. "Illinois law requires, to show malicious prosecution, proof not only of lack of probable cause but also of 'malice,' which means in this context that the officer who initiated the prosecution had any motive other than that of bringing a guilty party to justice." Aleman v. Vill. of Hanover Park, 662 F.3d 897, 907 (7th Cir. 2011). No such showing has been made here. First, as set out above, Solis had probable cause to arrest Simmons. Second, there is no evidence that the inclusion of the stray "E" on the grand jury's indictment was caused by Solis' malicious intent. Finally, even assuming the grand jury indictment were somehow flawed on account of the extra "E," there is nothing which suggests that Solis himself had anything to do with seeking the indictment or even in seeking the warrant. In the amended complaint, Simmons admits he did not inform anyone of the error until a court proceeding on November 14, 2009. There is no evidence that Solis was involved with the case after the November 11, 2009 arrest and, more critically, no evidence that Solis had the ability to correct any error in the grand jury's indictment. Thus, summary judgment is appropriate as to Simmons' claims for malicious prosecution and obstruction of justice.

Finally, the court notes that even if the above evidentiary problems were somehow remedied, the court would nevertheless grant summary judgment based on qualified immunity. "The qualified immunity standard gives ample room for mistaken judgment by protecting all but the plainly incompetent or those who knowingly violate the law." Hunter v. Bryant, 502 U.S. 224, 229 (2013). In order to overcome Solis' qualified immunity, Simmons bears the "burden of defeating it either

3

by identifying a closely analogous case or by persuading the court that the conduct is so egregious and unreasonable that, notwithstanding the lack of an analogous decision, no reasonable officer could have thought he was acting lawfully." Abbott v. Sangamon Cnty, Ill., 705 F.3d 706, 723-24 (7th Cir. 2013). It is clear, based on plaintiff's own deposition, that Solis arrested the individual who was reported to have stabbed McCullough. The indictment had the correct first and last name and also included Simmons' correct birth date. Simmons has not pointed to any case law which holds that the addition of an extraneous middle initial in an otherwise proper indictment or warrant rises to the level of a constitutional infringement. Additionally, the act of arresting the correct person identified by witnesses (albeit one ultimately found innocent) even where a warrant contains an extraneous "E" is not so heinous as to be something no reasonable officer would think was lawful, especially given that Solis was apparently never informed that the "E" was erroneous.

### III. CONCLUSION

For these reasons, summary judgment is granted. The court presumes that the only two remaining defendants, the City of Rockford and Winnebago County, were both included only for indemnification purposes as no direct claims were set out against either. Accordingly, since their employees and all other claims have been dismissed, this court dismisses those defendants as well. This case is closed.

Date: 6/2/2014         ENTER:

_____

FREDERICK J. KAPALA

District Judge